IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18CR00448 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| vs. | ) | |
| | ) | |
| PHILIP M. POPA, JR., | ) | |
| | ) | GOVERNMENT'S PROPOSED |
| Defendant. | ) | *VOIR DIRE* QUESTIONS |

The government respectfully requests permission to ask the jury panel the attached *voir dire* questions in addition to the questions usually asked in criminal cases. The government also requests leave to propose to the Court such other questions as may become appropriate during the course of *voir dire* examination.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

/s/ Carol M. Skutnik
Carol M. Skutnik
Assistant U. S. Attorney (#0059704)
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-33785 (216) 522-8355 (facsimile)
E-mail:Carol.skutnik@usdoj.gov

˘2˘

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1. Has any prospective juror, their spouse, close friend, or relative ever been arrested, charged, or convicted of any criminal offense except minor traffic offenses? (Follow-up questions at side bar.)

    a. If so, provide details.

    b. If so, were you or the person involved treated fairly by the police and prosecutor?

    c. Would the prior experience with the police or prosecutor affect your ability to be fair and impartial in this case?

2. Has any prospective juror personally or any employer, employee, spouse, close friend, or relative ever been the subject of any government investigation? If so, were you or the person involved satisfied or dissatisfied with the outcome; and, do you feel you were treated fairly or unfairly?

3. Has any prospective juror personally or any employer, employee, spouse, close friend, or relative ever had any disputes with the U.S. Department of Justice, the Federal Bureau of Investigation, or any other federal law enforcement agency? If so, were you satisfied or dissatisfied with the outcome; and do you feel you were treated fairly or unfairly?

4. Has any prospective juror personally, or any employer, employee, spouse, close friend, or relative ever been denied any type of license or permit by the federal government? If so, discuss.

˜3˜

5. Has any prospective juror personally, or any spouse, close friend or relative had any contact with any child protection or child welfare agency? (Follow up questions if necessary.)

6. Has any prospective juror personally or any employer, employee, spouse, close friend, or relative been a member of any association, organization, club, group or business that promotes or endorses the production, distribution, circulation, sale, or possession of sexually explicit materials? If so, discuss.

7. Has any prospective juror personally, or any spouse, close friend or relative been the subject of an investigation involving materials that depict the sexual exploitation of children?

8. Has any prospective juror formulated any opinion concerning the control or regulation of materials that are sent by computer, including, but not limited to, via the Internet? If so, explain.

9. Is there any prospective juror who disagrees with the laws that prohibit transporting child pornography from one state to another state, by any means, including by computer?

10. Does the mere fact that the defendant is charged with crimes involving sexually explicit materials cause any prospective juror to be predisposed either for or against the defendant or the government? If so, discuss.

11. Does any prospective juror think that sending or receiving child pornography over the Internet is a mere technicality and, therefore, acceptable? (Follow up if necessary.)

12. Does any prospective juror think that sending or receiving child pornography over the Internet is not serious enough to be a crime? (Follow up if necessary.)

˘4˘

13. Has any prospective juror personally, or any employer, employee, spouse, close friend or relative ever been a member of an association, organization, club or group that promotes or endorses the distribution, circulation, sale, possession or legalization of any type of sexually explicit material that is presently illegal?

14. Does any prospective juror belong to NAMBLA?

15. Does any prospective juror believe that a minor is capable of consenting to sexual activity with an adult?

16. Does any prospective juror condone the recording of sexual activity between adults and minors, or between two minors? If so, at what age do you think such activity is acceptable between an adult and a minor? At what ages do you consider this activity appropriate if it involves two minors?

17. Can any prospective juror accept the fact that a person who engages in child sexual abuse or exploitation might appear to be normal in his dealings with others, or does any member of the jury think that pedophiles have a certain, identifiable look?

18. Do you think you will have difficulty discussing sexual matters openly with your fellow jurors, specifically digital images that depict activities involving masturbation, oral sex, anal sex, bestiality, and child sexual abuse?

19. Does any prospective juror think he or she will have difficulty in viewing evidence which includes child pornography to such an extent that it would inhibit your ability to follow the instructions and the law as given to you by the Court?

˜5˜

20. Has any prospective juror personally, a spouse, or any family member, or any close friend or relative ever been the victim of child sexual abuse or adult sexual assault? If so:

    a. Was the case reported to the authorities?

    b. Did the case go to trial?

    c. Was there anything about the experience that makes you unable to sit fairly and impartially as a juror in this case?

21. Has any prospective juror personally, or any family member, or any close friend or relative ever been accused fairly or unfairly of child sexual abuse? (Discuss at sidebar.)

22. Has any prospective juror made, or known anyone who made, a report of sexual assault or child sexual abuse? Has any prospective juror made, or known anyone who made, a false accusation of sexual assault, or child sexual abuse? (Follow up if necessary.)

23. Has any prospective juror personally, or any member of your family, or any close friend or relative ever been involved in a child custody dispute in which allegations were made of child sexual abuse? If so, is there anything about the experience that causes you to feel unable to sit as a fair and impartial juror in this case?

24. Would any prospective juror have difficulty following the judge's instruction that a defendant can be guilty of possessing child pornography, even if that defendant did not personally photograph a minor engaged in sexual activity?

25. Would any prospective juror have difficulty following the judge's instruction that a defendant can be guilty of receiving and distributing child pornography by computer, even if that defendant did not personally photograph a minor engaged in sexual activity?

˜6˜

26. Would any prospective juror hesitate to follow the instructions of law that the Court will give, regardless of whether he or she agrees with those instructions?

27. Does any prospective juror believe that child pornography is protected by the First Amendment?

28. Does any prospective juror think that the distribution and circulation of child pornography between consenting adults is acceptable?

29. Does any prospective juror regularly use a computer, either at home or at work? If so:

   a. Does your use of a computer include access to the Internet?

   b. Do you access the Internet for business purposes, research, school, or recreation?

   c. Do you access the Internet on a weekly basis?

   d. Do you access the Internet on a daily basis?

   e. When online, are you generally online for more than one hour?

   f. Do you access the Internet thorough a commercially available Internet service provider, such as Time Warner, AT&T, Spectrum, RoadRunner, or any other similar service?

   g. If you use an online service, have you established a "profile," which other users may view?

   h. Do you have more than one screen name, or identifier? Do you have more than three? If so, how many?

   i. Does your use of a computer involve the transmission or receipt of electronic messages?

   j. Do you use your smartphone to accomplish any of these tasks?

˘7˘

30. Has any prospective juror ever entered an Internet "chat room" or participated in Internet groups? If so:

   a. Has he/she participated in conversation in the chat room?

   b. Does any prospective juror enter Internet chat rooms and communicate twice or more weekly?

   c. Does any prospective juror enter more than one chat room twice or more weekly?

   d. Does any prospective juror, on a regular basis, enter and communicate in a chat room that has sexually oriented matters as its predominant focus or subject?

   e. Have you ever downloaded (received) any material from an Internet group?

31. Does any prospective juror trade computer files of any type on the Internet? Does any prospective juror trade image files, including, but not limited to files of the following types: jpg, gif, avi, mpg?

   a. Does the prospective jury use a peer-to-peer network to download or share content?

   b. If so, what type of peer-to-peer network has the juror used?

   c. What type of content does the prospective juror download or share on this/these networks?

   d. How long has the juror used a peer-to-peer network?

32. Is the prospective juror familiar with the "dark web"?

   a. If so, how?

   b. Has the prospective juror spent any time browsing or engaging in activities on the dark web?

˘8˘

33. Is the prospective juror familiar with a peer-to-peer program known as "Freenet"?

    a. If so, how?

    b. Has the prospective juror ever used Freenet or any similar peer-to-peer network?

34. Will any prospective juror find it difficult to render a decision as to guilt or innocence without regard to any sympathy, pity, or other feelings he or she may have, either for or against the defendant?

35. Will any prospective juror find it difficult to render a decision as to guilt or innocence without speculating as to what punishment the Court might impose if your verdict is guilty?

36. Would any prospective juror prefer not to sit as a juror in a criminal case?

37. Does any prospective juror know of any reason why he or she cannot make a fair and impartial decision in this case?  If so, please discuss.

                         Respectfully submitted,

                         JUSTIN E. HERDMAN
                         United States Attorney

           By:    /s/ Carol M. Skutnik
                  Carol M. Skutnik
                  Assistant U. S. Attorney (#0059704)
                  United States Court House
                  801 West Superior Avenue, Suite 400
                  Cleveland, Ohio 44113-1852
                  (216) 622-3785; (216) 522-8355 (facsimile)
                  E-mail:Carol.skutnik@usdoj.gov

˜9˜

CERTIFICATE OF SERVICE

    I certify that on February 27, 2019, a copy of the foregoing Government's Proposed *Voir Dire* Questions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                       /s/Carol M. Skutnik
                                                       Assistant U.S. Attorney