UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NOS.: 5:18-CR-448 |
| **Plaintiff** | JUDGE BENITA Y. PEARSON |
| v. | SENTENCING MEMORANDUM |
| **PHILIP M. POPA, JR.,** | |
| **Defendant** | |

Now comes the Defendant Philip M. Popa, Jr., by and through the undersigned counsel, and respectfully provides this Memorandum in aid of sentencing. Mr. Popa is scheduled to be sentenced on Thursday, June 20, 2019 at 10:00 a.m. Mr. Popa respectfully requests that this Court consider the facts and circumstances of the case before this Court and his cooperation to fashion the minimum sentence that adequately punishes Mr. Popa and is sufficient to protect the public. Such a sentence fully embraces § 3553(a)'s directive to impose a sentence "sufficient but not greater than necessary." Mr. Popa asks the Court to impose a sentence of 135 months as it is in the low end of his Guideline range.

### I. PERSONAL HISTORY

As detailed in the PSR, Mr. Popa's childhood was marked by abandonment and abuse. He was placed in the care of his grandparents at age five for reasons he does not understand to this day. His mother indicated to the PSR author that Mr. Popa's father caused the children to be placed with his parents. His life with his grandparents was not easy and his grandfather physically and mentally abused him. Mr. Popa's mother explains that the goal was to beat "the

will out of the children." PSR, ¶ 53. Mr. Popa was isolated from his piers while in high school and his grandparents home schooled him. He rebelled from that and dropped out just two weeks prior to completing 12th grade. The scars of this upbringing are something that Mr. Popa is only beginning to understand and be able to share. He has indicated that exploring this is one of his goals while incarcerated.

Mr. Popa has also been struggling with untreated mental health issues for much of his adult life. As a young man, he was diagnosed with bi-polar disorder and manic depression. Due to both the cost of the medication and his upbringing, he did not pursue any treatment for these illnesses. While incarcerated, he has a strong desire to educate himself about these issues and begin the long overdue treatment. His desire is that when he is returned to society he will be a healthier and stronger person.

Despite these difficulties, Mr. Popa had been able to maintain a job and care for his daughter.  Although he did not complete high school, he obtained his GED in 2006 and graduated from a trucking school in 2013. He was employed as a long-haul truck driver since 2013 until the time of his arrest.  Although never married to the mother of his daughter, he had maintained both a physical and financial presence in his daughter's life. He spent the weekends with her prior to his incarceration and enjoyed a good relationship with her. The impact of his decisions on his daughter is particularly troubling to him. He had hoped to be the kind of father he did not have and now knows he will not be able to do that.

  II.  **GUIDELINE CALCULATIONS AND PSR**

Mr. Popa has reviewed the PSR and has no objection to the Guideline calculation contained therein. While the PSR accurately states the contents of Application Note 6(B)(ii) of USSG § 2G2.2(a) that an upward departure "may be warranted", neither Mr. Popa nor

the Government is requesting such a departure. As fully discussed below, the Guideline Sentence more than fully holds Mr. Popa responsible for his conduct and adequately punishes him for his offense.

   III.   § 3553(a) CONSIDERATIONS

After Booker, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as but one factor in determining a sentence that is no greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a)(2). See, *Gall v. United States*, 128 S.Ct. 586, 597 n.6 (2007); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). Section 3553(a) mandates that courts impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing as set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. Id. "The court, in determining the particular sentence to be imposed, shall consider-the nature and circumstances of the offense and the history and characteristics of the defendant…" 18 USSC § 3553(a)(1).

As noted above, Mr. Popa had a difficult upbringing and mental health issues that he has yet to address. This is not meant as an excuse by any stretch as Mr. Popa has cooperated fully with law enforcement and admitted his conduct since the day he was approached. He understands the wrongfulness of his actions and fully accepts responsibility. However, as the Court considers where in the Guideline range to fall and if it will consider the departure offered by the PSR, Mr. Popa's personal circumstances should play a role. A sentence of 135 months is more than sufficient to punish Mr. Popa and protect the public.

Additionally, Mr. Popa has had virtually no interaction with law enforcement throughout his life. Outside of a misdemeanor theft charge nearly 15 years ago, he has never been arrested or

charged with a crime. Given his background and untreated mental health issues, this lack of criminal history is particularly remarkable despite the fact that many defendants charged with this type of crime have little criminal history.

While Mr. Popa is not advocating for a sentence outside of the Guideline range, it is important to understand that the Guidelines are particularly high regarding this type of conduct. While that may be justified, it speaks to the adequacy of a Guideline sentence. Much of Mr. Popa's sentence is based upon the enhancements in USSG § 2G2.2. Mr. Popa does not dispute their applicability but, again, asserts that an understanding of issues found by other Courts demonstrates that a low Guideline sentence adequately punishes Mr. Popa. Some have found that § 2G2.2 fails to provide meaningful guidance at sentencing. "Rather than carefully differentiating between offenders based on their culpability and dangerousness, §2G2.2 consists of a hodgepodge of outdated enhancements that apply in nearly every case." *United States v. Abraham,* 2013 WL 2099795, *4 (D. Neb. 2013). Repeatedly, courts have noted that rather than reflecting the experience and judgment of the Commission, the child pornography Guidelines reflect a series of policy-driven amendments. *See e.g., United States v. Dorvee,* 616 F.3d 174 (2nd Cir. 2010); *United States v. Grober*, 624 F.3d 592 (3rd Cir. 2010); *United States v. Huffstatler*, 571 F.3d 620 (7th Cir. 2009); *United States v. Janasko*, 355 F.App. 892, 895 (6th Cir. 2009); *United States v. Apadaca*, 641 F.3d 1007 (9th Cir. 2011).

The Sixth Circuit has noted that USSG § 2G2.2 is fundamentally different than other Guideline ranges. *United States v. McNerney*, 636 F.3d 772, 775-776 (6th Cir. 2011). Unlike other Guidelines, the Commission did not use empirical data in formulating USSG § 2G2.2. Id. The Second Circuit has noted that this lack of empirical data resulted in Guidelines that are riddled with "irrationality." *United States v. Dorvee*, 604 F.3d 84, 97 (2nd Cir. 2010). "These

errors were compounded by the fact that the district court was working with a Guideline that is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." Id. at 95.

IV. **CONCLUSION**

This Court is urged to fashion a sentence which balances the need to punish Mr. Popa and reflect the seriousness of his conduct but also is not greater than necessary and allows Mr. Popa to return to society as a productive member of society. Mr. Popa asks that the Court impose a sentence of 135 months.

Respectfully submitted,
WILLIAM T. WHITAKER CO. LPA
/s/Andrea Whitaker
ANDREA WHITAKER #0074461
54 E. Mill Street Suite 301
Akron, Ohio 44308
T: 330-762-0287 F: 330-762-2669
whitaker@whitakerlawlpa.com
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed this 13th day of June, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                              /s/ Andrea Whitaker
                                              Andrea Whitaker